## J. J. PEACOCK V. THE STATE.

No. 9640.  Delivered November 11, 1925.

1.—Manslaughter—Evidence—Of   Extraneous   Offense—Improperly   Admitted.

Where, on a trial for murder, resulting in a conviction of manslaughter, it was error for the trial court to permit the State on cross-examination of appellant to attempt to connect him with the disappearance of a man named Moore, in an attempt to show a motive for the killing of his wife, for which he was being tried. There was no evidence in the case which even remotely tended to show that the disappearance of Moore had any connection with the killing, by appellant, of his wife.

2.—Same—Continued.

While evidence of extraneous crimes which tend to show motive have been held admissible, in every case where such testimony was allowed, there was evidence showing a connection between the extraneous offense and the case on trial. In the instant case no such connection was shown, and the admission of this cross-examination of appellant was unwarranted and so prejudicial to appellant's defense, as to necessitate a reversal of the cause. Distinguishing Mattox v. State, 254 S. W. 800, and other cases cited by the State.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. F. Hosey, Judge.

Appeal from a conviction of manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Tarrant County for the offense of manslaughter growing out of the killing of his wife, and his punishment assessed

at confinement in the penitentiary for a term of five years.

The State's testimony shows an unprovoked and cruel killing.

The appellant contended that the killing was purely accident-al, and his testimony was entirely sufficient to raise this issue and warrant its submission to the jury. Testifying in his own behalf, the appellant told of many difficulties that he had had with his wife and his wife's mother, and stated that his wife's mother had told him on more than one occasion that if he didn't do as she suggested, she would put him in the peni-tentiary.

The most serious question raised by this record is contained in bill of exceptions No. 4. This bill shows that while the ap-pellant was testifying on cross-examination, the district at-torney asked him over the appellant's objection about the organization of the Peacock-Moore Oil Company, and in this connection asked him when it was that Bert Moore left Fort Worth. In connection with the introduction of this testimony, the district attorney used the following language to the court in the presence of the jury:

"If your Honor please, it is leading up to a matter that will show intent and motive on the part of the defendant, some conversation taking place at the time of the homicide with reference to the mysterious disappearance of Bert Moore and the defendant's knowledge of it showing motive."

And further stated:

"It is further on cross-examination on a matter testified to by the defendant when he stated that some of deceased's people and the deceased had told that they were going to put him in the penitentiary if certain things did not come about, now we want to show that Bert Moore mysteriously disappeared, that the defendant came back with his automobile and diamonds and that his wife told him at the time of the homicide—"

Whereupon the court required the witness to answer. The bill further shows that the wife of the defendant did not at the time of the homicide or any other time charge the defend-ant with the disappearance of Bert Moore, and there was no testimony showing that the defendant had been threatened with the penitentiary on account of the disappearance of Bert Moore. The testimony was pertinently objected to and many valid reasons given why it should not have been admitted. But over said objections the State's counsel was permitted to inter-rogate the appellant at length as to the disappearance of Bert Moore one night in Fort Worth, and to the effect that the said Bert Moore had never been seen since, and the State was also

permitted to ask the defendant if he didn't leave the Westbrook Hotel one day with Bert Moore, and if it wasn't a fact that he nor anyone else had ever seen him since that day, and to which question the appellant replied in the affirmative. We think under the record in this case, that the testimony was not admissible. While it is true that there is ample authority for the proposition that evidence tending to show motive is not objectionable because it suggests or shows an extraneous crime, yet we think that the introduction of this testimony was objectionable for two reasons: first, because there was no testimony that did more than create a suspicion that the appellant was criminally connected with the disappearance of Bert Moore; second, we think the testimony is wholly insufficient to show that the disappearance of the said Moore in any manner could have likely actuated the appellant in committing the offense for which he was on trial. Its admission amounted to nothing more nor less than permitting the jury to base two conclusions upon one surmise. The surmise was that the appellant was criminally connected with the disappearance of Moore. The conclusion to be reached from this, according to the State's theory, was first, that the wife knew of appellant's criminal connection with such disappearance, and second, that he killed her to prevent her from divulging such knowledge. The State cites the cases of Mattox v. State, 254 S. W. 800; Smith v. State, 68 S. W. 267; Morrison v. State, 51 S. W. 363; Milsick v. State, 24 S. W. 714, as authority for the introduction of this testimony. We think neither of these cases support the doctrine that this testimony was admissible. In each of these cases, it was undisputed that the appellant had been guilty of an extraneous crime, and it was also undisputed that this fact was known to the other party in question. In the instant case, neither of these facts are established.

In the Smith case, supra, it was expressly held that only so much of an extraneous matter could be proved to show motive as showed the deceased within the knowledge of appellant knew that the appellant was engaged in an unlawful enterprise, and that appellant was afraid of him and desired to get rid of him. In this case, there is no suggestion in this record, so far as we have been able to find, that the deceased knew anything concerning the disappearance of Moore, and the testimony is certainly entirely insufficient to show anything more than a mere suspicion that the appellant was criminally connected with Moore's disappearance. We cannot say that the jury did not appropriate this testimony to draw inferences against the ap-

pellant that were unwarranted, and we are disposed to think that this testimony was highly prejudicial to the appellant's defense.

Because of the court's error in admitting this testimony, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.